

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

Samantha C. Fasanello
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (973) 297-4388

March 30, 2021

22-cr-63(NLH)

Robert Gamburg, Esq.
Gamburg & Benedetto, LLC
1500 John F. Kennedy Boulevard
Suite 1203
Philadelphia, PA 19102

Re: <u>Plea Agreement with Anthony D'Alessandro</u>

Dear Mr. Gamburg:

This letter sets forth the plea agreement between your client, Anthony D'Alessandro ("D'ALESSANDRO"), and the Acting United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement expires if not received in writing on or before **April 30, 2021**.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from D'ALESSANDRO to an Information charging D'ALESSANDRO with: on or about August 19, 2020, D'ALESSANDRO, for the purpose of maintaining and increasing position in the Pagan's Motorcycle Club, did knowingly and purposely aid and abet the assault of Victim-1 with dangerous weapons, namely, an axe handle and a firearm, contrary to N.J.S.A. 2C:12-1(b) and 2C:2-6, in violation of 18 U.S.C. §§ 1959(a)(3) and 2.

If D'ALESSANDRO enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against D'ALESSANDRO for the conduct set forth in the Information or for his illegal possession of firearms as a previously convicted felon on or about September 1, 2020. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, D'ALESSANDRO agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by D'ALESSANDRO may be commenced against him,

notwithstanding the expiration of the limitations period after D'ALESSANDRO signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1959(a)(3) set forth in the Information, to which D'ALESSANDRO agrees to plead guilty, carries a maximum sentence of twenty (20) years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by the victim. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon D'ALESSANDRO is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence D'ALESSANDRO ultimately will receive.

Further, in addition to imposing any other penalty on D'ALESSANDRO, the sentencing judge: (1) will order D'ALESSANDRO to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; and (2) may order D'ALESSANDRO to pay restitution pursuant to 18 U.S.C. § 3663 et seq.

Pursuant to 18 U.S.C. § 3583, the sentencing judge may, with respect to the offense charged in the Information, require D'ALESSANDRO to serve a term of supervised release of up to three (3) years. Should D'ALESSANDRO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, D'ALESSANDRO may be sentenced to not more than two (2) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

D'ALESSANDRO also consents and agrees to abandon to federal, state, and/or local law enforcement all right, title, and interest in: two baseball bats; six axe handles; one Kimber Micro 9 Raptor 9 millimeter handgun, bearing serial

number PB0262318; one Stevens Arms Company Springfield 87A .22 caliber shotgun, bearing no serial number; one American Firearms Manufacturing Company Model American 38 Spl .38 caliber handgun, bearing serial number 19444; one Webley and Scott Mark IV .455 caliber handgun, bearing serial number 86699; one Remington Arms 11-87 Sportsman 20-gauge shotgun, bearing serial number TL038608; one Smith & Wesson model 36 .38 caliber handgun, bearing serial number J66091; one Colt D.A. 41 .38 caliber handgun, bearing serial number 71449; one Tanfoflio Giuseppe GT27 .25 caliber handgun, bearing serial number M83856; one Rohm RG15 .22 caliber handgun, bearing serial number 54896; one Israel Weapon IND-IWI Desert Eagle 9 millimeter handgun, bearing serial number 3131510; and one Colt Cobra .38 caliber handgun, bearing serial number 74836R, seized on or about September 1, 2020. D'ALESSANDRO waives all challenges of any kind to the abandonment of this property by federal, state, and/or local law enforcement. D'ALESSANDRO further waives any additional notice requirement in connection with the abandonment of this property and consents to the destruction of the abandoned property at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on D'ALESSANDRO by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of D'ALESSANDRO activities and relevant conduct with respect to this case.

Stipulations

This Office and D'ALESSANDRO agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this

Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or D'ALESSANDRO from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and D'ALESSANDRO waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Restitution

Pursuant to 18 U.S.C. §§ 3663 and 3663A, D'ALESSANDRO agrees to make full restitution for all losses resulting from the offenses of conviction, which will be determined around the time of sentencing. D'ALESSANDRO understands that restitution will be due immediately upon sentencing. D'ALESSANDRO agrees fully to disclose all assets in which he has any interest or over which the D'ALESSANDRO exercises control, directly or indirectly, including those held by a spouse, nominee or third party. D'ALESSANDRO agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. D'ALESSANDRO agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. D'ALESSANDRO expressly authorizes the U.S. Attorney's Office to obtain a credit report on him.

Immigration Consequences

D'ALESSANDRO understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. D'ALESSANDRO understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. D'ALESSANDRO wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will

cause his removal from the United States. D'ALESSANDRO understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, D'ALESSANDRO waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against D'ALESSANDRO. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against D'ALESSANDRO.

No provision of this agreement shall preclude D'ALESSANDRO from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that D'ALESSANDRO received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between D'ALESSANDRO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

*/s/ Samantha C. Fasanello*

SAMANTHA C. FASANELLO
Assistant United States Attorney

APPROVED:

*/s/ Jason S. Gould*

JASON S. GOULD
Acting Chief, Violent Crimes Unit

I have received this letter from my attorney, Robert Gamburg, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 4/16/21
ANTHONY D'ALESSANDRO

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 4/16/21
ROBERT GAMBURG, ESQ.

- 7 -

Plea Agreement With Anthony D'Alessandro ("D'ALESSANDRO")

Schedule A

1. This Office and D'ALESSANDRO agree to stipulate to the following facts:

    a. The Pagan's Motorcycle Club (the "Pagans") constitutes an "enterprise" under federal law.

    b. The Pagans organization employs a hierarchal rank structure to manage the organization, both on a national level and within each local membership chapter.

    c. Members of the Pagans take orders from their membership chapter's leadership figures who, in turn, report to the national leadership council.

    d. The Pagans gather for meetings on a regular basis to discuss official business.

    e. The Pagans collect money in the form of "dues" from each member, which is deposited into financial accounts controlled by the organization.

    f. The Pagans hold regional and national events that require members to travel across state lines.

    g. Members of the Pagans engage in criminal activity, including drug trafficking.

    h. Members of the Pagans commit acts of violence in furtherance of the enterprise.

    i. On or about August 19, 2020, an associate of the Pagans was assaulted with dangerous weapons, including an axe handle and a firearm. D'ALESSANDRO aided and abetted the commission of that assault.

    j. The August 19, 2020 assault was committed in retaliation for the victim having violated the Pagans' rules.

    k. At the time of the assault, D'ALESSANDRO was the Sergeant at Arms for the Pagans' Gloucester County membership chapter.

    l. D'ALESSANDRO aided and abetted the assault for the purpose of maintaining or increasing position in the Pagans.

   2. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

   3. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

   4. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral; attack, writ or motion not barred by the preceding paragraph.